UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH EMMANUEL SALAZAR ESTRADA, <br><br> Plaintiff, <br><br> v. <br><br> STEPHEN WAGSTAFFE, <br><br> Defendant. | Case No. 16-cv-05406-WHO (PR) <br><br> **ORDER OF DISMISSAL** |

**INTRODUCTION**

Plaintiff Kenneth Salazar Estrada[1] filed this civil rights action against the San Mateo County District Attorney, Stephen Wagstaffe, for filing criminal charges against him pursuant to a grand jury indictment.[2] His civil rights complaint containing these allegations is now before the Court for review pursuant to 28 U.S.C. § 1915A(a).

Because prosecutors are immune from suit for filing criminal charges, the damages claims in this 42 U.S.C. § 1983 suit are DISMISSED WITH PREJUDICE. Because this

---

[1] It is unclear whether Estrada is plaintiff's last name. He lists Salazar as his last name at every relevant place in the complaint, yet adds Estrada in the caption. The Court will refer to him as Salazar Estrada.

[2] Several other prisoners who are facing these same charges are listed as plaintiffs in this action. These plaintiffs are DISMISSED because of the difficulties posed by having multiple prisoner-plaintiffs in one action. Salazar Estrada, then, is the sole plaintiff in this action.

1  Court must not interfere with ongoing state criminal proceedings, Salazar Estrada's claims
2  for injunctive relief are DISMISSED.

## DISCUSSION

### A.  Standard of Review

In its initial review of this pro se complaint, this Court must dismiss any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B.  Legal Claims

Salazar Estrada alleges that the San Mateo County prosecutor has filed baseless charges against him for his alleged role in a prison fight in 2015.[3] He seeks damages and

---

[3] In his application to proceed *in forma pauperis,* but not in his complaint, Salazar Estrada alleges that San Mateo is the only county that houses rival gangs in the same pod, thereby creating a danger to inmate safety. Because these allegations do not appear in the complaint, the Court will not address them. If Salazar Estrada has been directly harmed by

United States District Court
Northern District of California

injunctive relief.

The damages claims are barred. A state prosecuting attorney enjoys absolute immunity from damages liability under 42 U.S.C. § 1983 for his conduct in "pursuing a criminal prosecution" insofar as he acts within his role as an "advocate for the State" and his actions are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). Filing criminal charges, however allegedly baseless they may be, is, without doubt, conduct in pursuing a criminal prosecution. Accordingly, Salazar Estrada's claims for damages against defendant are DISMISSED WITH PREJUDICE.

The claims for injunctive relief cannot proceed. Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37, 43-54 (1971). More specifically, federal courts should not enjoin pending state criminal prosecutions absent a showing of the state's bad faith or harassment, or a showing that the statute challenged is "flagrantly and patently violative of express constitutional prohibitions." *Id.* at 46, 53-54. *Younger* abstention is required when (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

Injunctive relief is available only upon a "showing irreparable injury." *Younger*, 401 U.S. at 46. However, "[c]ertain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term. Instead, the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution." *Id.*

---

such housing arrangements and seeks relief because of such harm, he should file a separate civil rights action.

Abstention is appropriate here because all of the elements of *Younger* are present. As to the first *Younger* element, the record shows that plaintiff's state court proceedings are ongoing. As to the second *Younger* element, the Supreme Court has held that "a proper respect for state functions," such as the ongoing criminal proceedings we see here, is an important issue of state interest. *See Preiser v. Rodriguez*, 411 U.S. 475, 491-92 (1973) (quoting *Younger*, 401 U.S. at 44). As to the third prong of *Younger*, there is no reason that Salazar Estrada cannot pursue his claims in state court, such as filing a motion to dismiss the charges or offering at trial the same defense to the charges he puts forth in this action.

Furthermore, any interference by this Court in the state court proceedings would cause results disapproved of by *Younger*. *SJSVCCPAC v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008) (citing cases). Accordingly, the claims for injunctive relief are DISMISSED.

## CONCLUSION

This federal civil rights action is DISMISSED. The Clerk shall enter judgment in favor of defendant, and close the file.

**IT IS SO ORDERED.**

**Dated:** October 3, 2016



WILLIAM H. ORRICK
United States District Judge